JENNIE WEINGARTEN et al., Appellants, *v.* HENRY M. RINDER et al., Respondents.

Argued June 2, 1938; decided July 7, 1938.

*Sidney S. Bobbé* for appellants. There was a failure to show compliance with the provisions of the Lien Law (Cons. Laws, ch. 33), and the purchasers of the stock did not show good title in themselves. (*Mowry* v. *Sanborn,* 68 N. Y. 153; *Weir* v. *Birdsall,* 27 App. Div. 404; *Van Vleck* v. *Enos,* 88 Hun, 348; *Wehrum* v. *Wehrum,* 179 App. Div. 814; 227 N. Y. 611; *Deutsch* v. *Haab,* 135 App. Div. 756.) It was error to refuse to strike out the testimony as to the conference between the attorneys, and, in any event, there was no evidence to justify the conclusion that the plaintiffs were estopped by reason of that conference. (*Lewis* v. *Duane,* 141 N. Y. 302; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.,* 213 App. Div. 140; *Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628.) The Statute of Limitations is not a bar.

(*Roberts* v. *Berdell*, 61 Barb. 37; 52 N. Y. 644; *Ganley* v. *Troy City Nat. Bank*, 98 N. Y. 487; *Hanover Fire Ins. Co.* v. *Morse D. & R. Co.*, 270 N. Y. 86.) Appellants established a cause of action against the purchaser on the first sale. (*Mullen* v. *Quinlan & Co.*, 195 N. Y. 109; *Pease* v. *Smith*, 61 N. Y. 477; *Marine Bank* v. *Fiske*, 71 N. Y. 353.)

*A. Michael Katz, Max Horowitz* and *Milton A. Herman* for Henry M. Rinder et al., respondents. Appellants failed to prove a *prima facie* case for the return of the securities. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348; *Thorer & Hollander, Inc.*, v. *Fuchs*, 241 App. Div. 359; *McCurdy* v. *Brown*, 1 Duer, 101.) The agreement was properly received in evidence regardless of whether or not it was executed by the specified amount of creditors. Furthermore, the burden was on the appellants to prove that it was not so executed. (*Western R. R. Co.* v. *Bayne*, 75 N. Y. 1; *Adams* v. *Roscoe Lumber Co.*, 159 N. Y. 176; *Levkoff* v. *Gutterman*, 215 App. Div. 828; *Lawrence* v. *Simons & Taft*, 4 Barb. 354; *Wheeler* v. *Board*, 12 Johns. 363; *Duer* v. *Twelfth St. Reformed Church*, 31 N. Y. St. Repr. 975.) The agreement which was held to estop appellants was within the implied, if not express, authority of their attorney. (*Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 414; *Poucher* v. *Blanchard*, 86 N. Y. 256.) The appellants are barred by the six-year Statute of Limitations, which commenced to run in May, 1929, when the securities were delivered to the trustees. (*Bachmann-Bechtel Brewing Co.* v. *Gehl*, 154 App. Div. 849; *Kram* v. *Manufacturers Trust Co.*, 238 App. Div. 680; *Clinton Trust Co.* v. *142-144 Joralemon St. Corp.*, 237 App. Div. 789; *Susquehanna Silk Mills* v. *Rebora*, 238 App. Div. 100; *Slater* v. *Slater*, 208 App. Div. 567; 240 N. Y. 557; *Public Service Comm.* v. *Brooklyn Borough Gas Co.*, 189 App. Div. 62; *Diefenthaler* v. *Mayor*, 111 N. Y. 331; *Keys* v. *Leopold*, 241 N. Y. 189; *Matter of Deitz*, 134 Misc. Rep. 393; *Hammerstein* v. *Equitable Trust Co.*, 209 N. Y. 429;

*Brown* v. *Bronson*, 93 App. Div. 312; *Matter of Furey* v. *Graves*, 148 Misc. Rep. 785; 241 App. Div. 897; 266 N. Y. 415.)

*Harry Kerner* for Morris Wachtel et al., respondents. Appellants failed to prove a cause of action. (*Thompson* v. *Blanchard*, 4 N. Y. 303; *Hubbard* v. *Briggs*, 31 N. Y. 518; *Gillet* v. *Roberts*, 57 N. Y. 28; *Goebel* v. *Clark*, 242 App. Div. 408; *Tompkins* v. *Morton Trust Co.*, 91 App. Div. 274; *Matter of Petrosemolo*, 152 Misc. Rep. 419; *Parmely* v. *Showdy*, 86 Misc. Rep. 634; *Rothschild* v. *Title Guar. & Trust Co.*, 204 N. Y. 458; *Bopp* v. *New York Electric Vehicle Transp. Co.*, 177 N. Y. 33; *Ward* v. *Iroquois Gas Corp.*, 233 App. Div. 127; *Lindemann* v. *Wolf*, 234 App. Div. 291; *Moshier* v. *City of New York*, 190 App. Div. 111; *Thomas* v. *Nassau Electric R. R. Co.*, 185 App. Div. 326; *Lopp* v. *Lopp*, 191 App. Div. 500; *Hurwitz* v. *Calvin Realty Corp.*, 195 App. Div. 416; *Caruso* v. *N. Y. C. R. R. Co.*, 222 App. Div. 371.)

*Per Curiam.* Plaintiffs alleged and proved facts sufficient to show that the defendant trustees came rightfully into possession of the personal property in question and that title to the personalty and real estate was rightfully transferred into their names. As against those trustees, to maintain the first cause of action set up in the complaint it was essential for the plaintiffs to prove, as they alleged, that the instrument under which possession of the securities was given and the transfers were made was not executed by creditors holding seventy-five per cent in amount of the claims against the debtor or to show that the transfers were voidable for other reasons. This evidence was lacking.

The defendant purchasers acquired upon the attempted sale of a part of the securities no better title than that held by the trustees in view of the notice which the plaintiffs gave to such purchasers prior to the sale. Upon

the record in the instant case, to sustain the purported sale such purchasers were required to establish that conditions precedent to the trustees' acquiring a lien and power to transfer good title had been complied with. There is no evidence of waiver or estoppel by or against plaintiffs. The essential findings upon which the decree in favor of the defendants *upon the merits* was based were without evidence to support them.

Upon the question as to whether the causes of action set up in the complaint were subject to the provisions of the six-year Statute of Limitations we do not pass. These causes of action did not arise until after the expiration of a reasonable time subsequent to the date of the creditors' agreement within which a majority of creditors of the debtor in amount must sign, the discovery by plaintiffs of their failure to sign, and a demand for a reassignment and return of the shares of stock and for the execution and delivery by the trustees of a deed to the realty and their refusal to comply with the demand. The date when such a demand was made and refused has been found to be July 12, 1935. The action was commenced on October 9, 1935.

The judgments should be modified by striking therefrom the words " upon the merits " from the clause thereof dismissing the complaint, and as so modified should be affirmed, without costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.